# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 07 2018, 7:16 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Lonnie K. Stephens
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Frances Barrow
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lonnie K. Stephens,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | March 7, 2018<br><br>Court of Appeals Case No.<br>05A02-1708-CR-1974<br><br>Appeal from the Blackford Circuit Court<br><br>The Honorable Dean A. Young, Judge<br><br>The Honorable Jay L. Toney, Special Judge<br><br>Trial Court Cause No.<br>05C01-0312-FB-52 |

**Altice, Judge.**

## Case Summary

[1] Lonnie K. Stephens appeals *pro se* from the trial court's denial of his petition to reinstate good time credit. On appeal, Stephens argues that the Department of Correction (DOC) has not awarded him the full amount of good time credit to which he is entitled. The State responds that the trial court properly dismissed Stephens's petition because it lacks subject matter jurisdiction to review the DOC's decisions regarding the deprivation of good time credit.

[2] We affirm.

## Facts & Procedural History

[3] Stephens is currently serving a thirty-year sentence at the New Castle Correctional Facility. As a result of various disciplinary convictions during his incarceration, Stephens was deprived of a total of 540 days of good time credit. Stephens filed one or more administrative petitions with the DOC for restoration of good time credit, which he claims resulted in the restoration of 406 days of good time credit. According to Stephens, however, the DOC has applied only 198 of those days toward his sentence. Stephens filed his petition for reinstatement of credit time with the trial court on July 18, 2017. The trial court denied the petition the same day without holding a hearing. Stephens now appeals.

## Discussion & Decision

[4] Our Supreme Court has held that "DOC inmates have no common law, statutory, or federal constitutional right to review in state court [of] DOC disciplinary decisions." *Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 507 (Ind. 2005). Offenders who have been deprived of good time credit time may appeal the decision to the DOC commissioner. Ind. Code § 35-50-6-5.5. The Indiana Administrative Orders and Procedures Act (AOPA) governs the orders and procedures of state administrative agencies, including the DOC. *Blanck*, 829 N.E.2d at 510. The AOPA "establishes the exclusive means for judicial review of an agency action." Ind. Code § 4-21.5-5-1. However, "the Legislature has specifically excluded from the AOPA's application any 'agency action related to an offender within the jurisdiction of the department of correction.'" *Blanck*, 829 N.E.2d at 510 (quoting I.C. § 4-21.5-205(6)). Thus, our Supreme Court has held that prisoner disciplinary actions are not subject to judicial review in State court. *Id.* Because Stephens is not entitled to judicial review of the DOC's decisions concerning the deprivation and restoration of good time credit, the trial court properly denied his petition to reinstate good time credit.

[5] Judgment affirmed.

[6] May, J. and Vaidik, C.J., concur.